Opinion filed December 14, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00237-CR 

                                                     __________

 

                                       WILLIAM
TRYON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 161st District Court

                                                           Ector County, Texas

                                                 Trial
Court Cause No. B-31,294

 



 

                                                                   O
P I N I O N

William Tryon was indicted on February 17, 2004,
for possession of cocaine of one gram or more but less than four grams.[1]  A jury found appellant guilty and assessed
punishment at eight years confinement in the Institutional Division of the
Texas Department of Criminal Justice.  In
two issues, appellant complains that the evidence was legally and factually
insufficient to establish appellant=s
identity as the perpetrator of the charged offense.  We affirm.








On December 18, 2003, at approximately 1:30 p.m.,
law enforcement officials executed a search warrant at a house located at 604
Elliott in Odessa.  Prior to the execution of the search warrant,
the police officers conducted surveillance of the residence for approximately
twenty-four hours.  Upon entering the
house, police officers found appellant along with a female and some children in
the residence.  The officers told
appellant and the female to get on the floor. 
Officer Josh Greggory testified that, once appellant was on the floor,
he observed appellant throw a small, clear plastic bag using his right
hand.  After determining the bag
contained marihuana, the police officers arrested appellant.  The officers searched appellant and found a
plastic bag containing several white rocks in his front pocket.  The officers performed a field test, and the
results of that test confirmed that the white rocks were cocaine.  Appellant was charged with possession of
cocaine.  Appellant was the only person
arrested as a result of the execution of the search warrant.

During trial, when the indictment was read,
appellant entered a plea of not guilty. 
The indictment named defendant AWilliam
Tryon.@  The State introduced into evidence a cable
bill, retrieved from a kitchen drawer during the search, addressed to William
Tryon, 604 Elliott, Odessa,
 Texas 79763.  Detective Scottie Smith testified that the
only person in the residence with whom he dealt was appellant.  After the State rested, counsel for appellant
filed a motion for instructed verdict asserting that the State failed to prove
beyond a reasonable doubt that appellant was the person who perpetrated the
charged offense and whom the police officers arrested upon executing the search
warrant.  The trial court overruled the
motion.

A reviewing court should treat a point of error
complaining of the trial court=s
failure to grant a motion for directed verdict as a challenge to the legal
sufficiency of the evidence.  Williams
v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  In reviewing the legal sufficiency of the
evidence, we consider all of the evidence in the record in the light most
favorable to the trial court=s
verdict and determine whether, based upon that evidence and all reasonable
inferences therefrom, any rational trier of fact could have found that
appellant was guilty beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307
(1979).  








To determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral
light.  Watson v. State, 2006 WL
2956272, at *8 (Tex. Crim. App. Oct. 18, 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 2006 WL 2956272,
at *8;  Johnson, 23 S.W.3d at
10-11.

Both the legal and factual sufficiency standards
are applied to direct and circumstantial evidence.  King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000); Adelman
v. State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).  The jury is the sole judge of the weight and
credibility of the witnesses=
testimony, and due deference must be given to the jury=s
determination. Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon
1981), art. 38.04 (Vernon
1979); Johnson, 23 S.W.3d at 8-9.

The jury verdict names appellant as the person
found guilty, and he was the only person being prosecuted for the alleged
offense.  Appellant entered a plea of not
guilty when the indictment, which contained his name and the allegations
against him, was read in court.  The
cable bill entered into evidence contained appellant=s
name and address, which was the same address for which the search warrant was
issued.

We do not believe that there was any possible
confusion in the identification of appellant as the person arrested by the
police or the person charged with possession of cocaine on the day and at the
residence where the search warrant was executed.  Rohlfing v. State, 612 S.W.2d 598, 601
(Tex. Crim. App. 1981) (holding that witness=s
identification of the defendant as Athe
man in court wearing an orange shirt and a light beige/tan leisure suit@ to be sufficient identification).  We hold, under the facts of this case, that
the evidence is both legally and factually sufficient to establish appellant=s identity as the alleged criminal
perpetrator.  Both of appellant=s issues are overruled.

The judgment of the trial court is affirmed. 

 

 

December
14, 2006                                                                 JIM
R. WRIGHT

Do not
publish.  See Tex. R. App. P. 47.2(b).                         CHIEF
JUSTICE

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











     [1]A
grand jury indicted William Tryon for possession of cocaine of one gram or more
but less than four grams.  When the case
was called for trial, the State presented the indictment and read Tryon=s full name, William Henry Tryon, Jr., to the
jury.  The State had filed a motion to
amend the indictment to show Tryon=s full
name, but we cannot tell from the record whether the trial court ever acted
upon the motion.